MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Andra Grigsby, | No.  CV 18-00275-TUC-JAS (JR) |
| Petitioner, | |
| v. | **ORDER** |
| Warden Baltazar, | |
| Respondent. | |

Petitioner Philip Andra Grigsby, who is confined in the United States Penitentiary-Tucson in Tucson, Arizona, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and paid the filing fee.

**I.      Petition**

In his Petition, Petitioner names Warden Baltazar as Respondent.  Petitioner raises one ground for relief, claiming his criminal Judgment is "void for lack of subject matter jurisdiction[] due to insufficient indictment."

**II.    Discussion**

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  A § 2241 petition for writ of

habeas corpus is not a substitute for a motion under § 2255.  *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e);  *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).   This exception is narrow.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition.  *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162.  The § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)).   In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.  *McGhee*, 604 F.2d at 10; *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).  Petitioner has failed to meet this burden because he does not allege that he is actually innocent or that

he did not have an unobstructed procedural shot to present his claim.[1]  Thus, the Court will dismiss the § 2241 Petition and this case for lack of jurisdiction.  *See* 28 U.S.C. § 2255(a); *Tripati*, 843 F.2d at 1163.

**IT IS ORDERED:**

(1)    Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(2)    The Clerk of Court must **enter judgment accordingly and close this case**.

(3)    Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence.  *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 17th day of July, 2018.

Honorable James A. Soto
United States District Judge

---

[1] Petitioner also raised this claim in his criminal case in the United States District Court for the District of Kansas in a motion filed pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  (Doc. 1-1 at 14.)  United States District Court Judge J. Thomas Marten dismissed the motion, concluding that it was, in reality, a successive motion pursuant to 28 U.S.C. § 2255 and that Petitioner had not obtained permission from the Tenth Circuit Court of Appeals to file it.  (*Id.* at 36.)  The Tenth Circuit declined to issue a certificate of appealability, concluding that no reasonable jurist could debate Judge Marten's conclusions that, regardless of its title, the Rule 60(b) motion was effectively a § 2255 motion and that Petitioner had not obtained appellate approval to file it.  (*Id.* at 40-41.)